CARL L. COPPOLA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coppola v. Commissioner
Docket No. 33203-87
United States Tax Court
T.C. Memo 1989-350; 1989 Tax Ct. Memo LEXIS 349; 57 T.C.M. (CCH) 1011; T.C.M. (RIA) 89350; July 20, 1989
Carl L. Coppola, pro se. Willard N. Timm, Jr., for the respondent. MEMORANDUM OPINION [1]
GERBER, Judge: This matter is before us to consider respondent's Motion for Judgment on the Pleadings. Respondent in a July 10, 1987, notice of deficiency determined deficiencies and additions to tax for the taxable years 1975 through 1979 as follows: Taxable Year
Income Tax
Addition to Tax - Sec. 6653(b) [2]
1975
$ 174,278
$ 100,099
1976
306,501
153,251
1977
6,909
3,455
1978
82,109
41,055
1979
47,045
23,523
*350 Respondent's determination of deficiencies is solely attributable to petitioner's alleged failure to report net profit from drug sales on petitioner's Federal income tax return for each taxable year. A petition was filed on October 5, 1987, showing petitioner's residence as "U.S. Penitentiary, Atlanta, Georgia." By an answer filed December 7, 1987, respondent affirmatively alleged that a part of the underpayment of tax to be shown on each of petitioner's 1975 through 1979 returns is due to fraud. In support of that ultimate factual allegation, respondent, in pertinent part, made the following specific factual allegations: (c) From 1973 through at least 1979, petitioner imported large amounts of marijuana into the United States. (d) Petitioner received profits from the importation of marijuana and failed to include a substantial portion of the income on his returns as follows: PROFIT FROM
REPORTED ON
OMITTED FROM
YEAR
MARIJUANA IMPORT
RETURN
RETURN
1975
$ 300,000.00
$ 50,686.00
$ 249,314.00
1976
500,000.00
57,596.00
442,404.00
1977
50,000.00
40,000.00
10,000.00
1978
177,000.00
60,000.00
117,000.00
1979
150,000.00
90,000.00
60,000.00
*351 * * * (e) Petitioner failed to maintain complete and accurate books of account and records of his income producing activities * * *. (f) The failure of petitioner to * * * produc[e] * * * accurate records to respondent * * * was willful and fraudulent, with intent to evade and defeat petitioner's taxes. (g) Petitioner deliberately and with a fraudulent intent to underpay his tax liability, failed to supply the preparer of his 1975 through 1979 returns with the correct figures and other information to be used in filing a correct return for the years 1975 through 1979. (h) Petitioner deliberately and with a fraudulent intent to underpay tax, handled business transactions in currency without making records usual in such transactions. (i) Petitioner deliberately and with fraudulent intent to underpay tax, placed his assets in nominees and conducted business by the use of nominees. (j) Petitioner, deliberately and with a fraudulent intent to underpay tax, failed to deposit all income in his bank accounts. At the time of filing his answer, respondent also notified the Court that a jeopardy assessment under section 6861 had been made on May 15, 1987, prior to issuance *352 of the notice of deficiency. By means of a January 12, 1988, trial notice, the parties were advised that this case was set for trial on June 13, 1988, Atlanta, Georgia, trial session. Thereafter, on February 12, 1988, respondent filed a Motion for Entry of Order That Undenied Allegations in Answer Be Deemed Admitted under Rule 37 because of petitioner's failure to file a Reply. Respondent's motion was granted and this case was continued from the June 13, 1988, Atlanta, Georgia, trial session on April 5, 1988. On April 6, 1988, petitioner's response, in part, to respondent's motion under Rule 37 was filed. In that response petitioner stated, "I contest the govts. motion concerning paragraphs 7(a) through (n). The deemed undenied testimony is not only denied as factual, it is very possibl[y] not the whole truth." Petitioner's response does not meet the requirement of Rule 37(b) that each allegation in the answer be specifically admitted or denied. Based upon the undenied and admitted allegations in respondent's answer, we hold that for the taxable years 1975, 1976, 1977, 1978 and 1979 there are underpayments of tax and that a part of such underpayments is due to petitioner's *353 fraudulent intent to evade tax. By means of an August 11, 1988, trial notice this case was again set for trial at Atlanta, Georgia, on January 23, 1989. On August 30, 1988, respondent filed his Motion for Judgment on the Pleadings. By our order, petitioner was given until November 14, 1988, to respond to respondent's motion. In his response, filed October 26, 1988, petitioner stated that he had "no records for the dates in question 1975, 1976, 1977, 1978, 1979 [and that he had] no direct knowledge if any records for the dates in question still exist." Petitioner stated that he "does not deny all of the Governments accusations," but he did not specifically state any error(s) in respondent's motion or determination. Petitioner's main theme was to seek a "trial by jury" or in any event, a trial. Petitioner's motion to continue from the January 23, 1989, Atlanta, Georgia, trial session was granted and the Court took respondent's Motion for Judgment on the Pleadings under further consideration. By an Order dated March 30, 1989, petitioner was again advised that respondent's Motion for Judgment on the Pleadings was under consideration and that the Court had received only "a brief *354 reply" from petitioner to respondent's motion. Petitioner was given until May 30, 1989, to file any additional written response. By a document filed May 25, 1989, petitioner stated that he "still stands on his reply mailed to the Court on Oct. 21, 1988" and he requested the Court, in essence, to hold the case in abeyance. We are convinced that petitioner's attempts to either continue this case or hold it "in abeyance" are interposed for delay and, further, that respondent's Motion for Judgment on the Pleadings is ripe for consideration. Rule 120 permits any party to move for judgment on the pleadings after the pleadings are closed. Such a motion is appropriate where the pleadings do not raise a genuine issue of material fact. In the setting here, respondent's motion can be granted if under the admitted facts under Rule 37 procedures, respondent is entitled to a decision as a matter of law. . Based upon the admitted factual allegations in the answer, we conclude that there is no genuine issue of material fact with respect to the deficiency in income tax determination. Although petitioner has made broad statements that *355 respondent is in error, those statements are without specificity and appear to be interposed for purposes of delay. Moreover, petitioner has admitted that no records or documents either exist or are available to contradict respondent's determination. Although petitioner seeks a trial, under the circumstances presented in this case it appears that a trial would not alter the outcome. With respect to the additions to tax under section 6653(b) the burden of proof is upon respondent to prove by clear and convincing evidence that an underpayment exists and that a part of the underpayment of tax is due to fraud with intent to evade tax. Sec. 7454(a); ; Rule 142(b). Based upon the undenied and admitted allegations in respondent's answer, we find that respondent has satisfied his burden. See . Accordingly, respondent is entitled to a decision as a matter of law. Respondent's Motion for Judgment on the Pleadings will be granted. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. For purposes of convenience we have combined our findings of fact and opinion in this case.↩
2. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years under consideration. All rule references are to this Court's Rules of Practice and Procedure.↩